(72 App. Div. 224.)

MITCHELL v. HOLLANDS.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

ADMINISTRATION—CLAIM AGAINST ESTATE—EVIDENCE—COMPETENCY—TRANSACTIONS WITH DECEDENT.

In an action against an administrator for services in carrying the decedent to the cemetery twice a year for six years, the testimony of plaintiff that pursuant to requests from decedent, delivered to her by her husband, she drove to decedent's house, and then to the cemetery and

back, twice a year, for six years, involved personal transactions with decedent, though she did not directly testify that she saw decedent on these trips, and therefore was incompetent, within Code Civ. Proc. § 829.

Appeal from judgment on report of referee.

Action by Julia W. Mitchell against William Hollands, as administrator of the estate of John I. Winne, deceased, to recover compensation for services rendered to the decedent. From a judgment for plaintiff rendered on the report of the referee, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

George Lawyer, for appellant.
J. M. Lawson, for respondent.

PARKER, P. J.   The deceased lived in the city of Watervliet, and the plaintiff lived on her farm, some two miles distant, and was a relative of his.   Her claim is made up of a large number of items or charges for materials sold and delivered to him, and for services rendered for him, during the six years immediately prior to his death.   Of the amount allowed by the referee, some $373 is composed of charges for the work of herself and team in carrying the deceased and his visitors, at a great many different times during such six years, from his home to several different places to which he wished to go, and returning them home again.   The method adopted to prove such items as lawful charges against his estate was as follows:   The husband of the plaintiff testified that the deceased on many different dates, specifying them as nearly as he could, asked him to tell his wife (this plaintiff) that he (deceased) wished her to come down and take him to a specified place; that he delivered such message to his wife, who thereupon hitched up her team and drove away.   This evidence was relied on to prove a request on the part of the deceased.   The plaintiff herself then testified that, upon receiving such message from her husband, she hitched up, went to the house of the deceased, from there to the place named in the message, and then back to the house of the deceased.   She further testified to what such service was worth, and so the charge for that item was established against the estate.   The following questions put to her, and her answers thereto, to establish the item in her claim presented for "carrying deceased to Oakwood Cemetery twice a year for six years, $60," present one of the rulings which the appellant claims was error in this case:

"Q. From February, 1894, to February 15, 1900, did your husband bring you word that Mr. Winne wanted you to send your team down and take him up to Oakwood Cemetery?   A. He did.   Mr. Winne's wife was buried at Oakwood Cemetery.   Q. How often during that time did your husband bring you such word?   A. Twice a year.   Q. What time in the year?   A. In the fall and spring, always.   Q. On each occasion that your husband brought you such word, did you have your team harnessed and sent down to Mr. Winne's?   A. Yes, sir; I took it down.   Q. And took it down to Mr. Winne's?   A. Yes, sir.   Q. Each time did you drive from Mr. Winne's to Oakwood Cemetery?   A. I did.   The value of the service of my team, going from my house to Mr. Winne's, and from there up to Oakwood and back, was $5.   It was two miles from my house to Mr. Winne's; and from Mr. Winne's to Oakwood Cemetery, six or seven miles.   It was a double team that I took."

Each of these questions was taken under the defendant's objection that it was "incompetent, immaterial, and contrary to the provisions of section 829 of the Code of Civil Procedure; being a transaction between this plaintiff and John I. Winne, deceased"; and to such ruling an exception was duly taken. In my opinion, such objection to such evidence was well taken. The giving of the message by the deceased to her husband, and the delivery of the same to her, did not, of course, establish any claim against the deceased. It was necessary to prove that the service so requested was actually performed; in other words, that she did go and take the deceased up to the cemetery. The very performance of such service involved a transaction between her and the deceased, and when she testified to that fact she testified to such a transaction; and for that reason her evidence was incompetent, under section 829 of the Code. The rule held in Lerche v. Brasher, 104 N. Y. 157, 10 N. E. 58, is authority for this conclusion. In that case the defendant, who was seeking to recover for services rendered the deceased under a written power of attorney, was allowed by the trial court to answer the question, "What was done by you, excepting, of course, personal transactions or communications with the deceased?" The general term held that it was error to permit that question to be answered, but the court of appeals reversed the general term, holding the question good in form, because it expressly excluded evidence of any personal transaction, etc. On page 162, 104 N. Y., and page 60, 10 N. E., it appears that the trial judge distinctly stated, when he allowed the question, that the "plaintiff could not testify to an employment, or request, but, when that was proved by other evidence, the party might describe simply the things which he did, provided such acts could have been done in the absence of deceased, and without his immediate or personal participation." And acting on that basis the trial court excluded all evidence of visits to the deceased's residence, or of facts which, if living, deceased could have directly contradicted by his own oath, and limited the plaintiff's evidence to "independent facts." Such rule was approved by the court of appeals, and is exactly applicable to this case. The things which the plaintiff testified she did pursuant to deceased's request were not, and could not have been, performed in his absence, or without his personal participation; and, were he living, he might possibly deny that he ever rode to that cemetery with her. It is true that the plaintiff does not directly testify that when she drove to his house she saw the deceased, or from thence took him with her to the cemetery, and then back to the house. That fact seems to have been carefully omitted, but the evidence is none the less objectionable. What she then did is put forth by her as a performance of his request to take him to the cemetery, and she charges his estate for doing what she did. It is mere evasion to claim that she does not testify that she took him with her. The clear inference is that she took him. If she did not take him with her, she did not earn the money she claims; and there is no other evidence that she did earn it, save her evidence as above given. The plain effect which she necessarily claims for her testimony is that, pursuant to his message, she drove to the deceased's and reported to him; that he thereupon got into the carriage, and directed her to go to the cemetery, and then

to return, whereby he became indebted to her for the reasonable value of such service.  We are not yet prepared to hold that such was not a transaction between herself and the deceased.  There were very many similar instances where similar evidence was taken under the defendant's objection and exception, and the charges so proved constitute a large part of the amount allowed the plaintiff in this action.  I am of the opinion that all of such charges were established by evidence which is clearly violative of section 829, and that for such reason this judgment cannot be sustained.

The judgment is therefore reversed on the law and the facts, the referee discharged, and a new trial granted; costs to the appellant to abide the event.  All concur.