(117 App. Div. 500)

LITTLE et al. v. JOHNSON.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEDENT.

In an action for services rendered defendant's testator in preparing architectural studies of a house, testimony of plaintiff that he had a number of consultations with testator, and especially an interview with testator and his wife, at which the plans were discussed between witness and the wife, and that a large part of the services consisted of such consultations and interviews, was incompetent, under Code Civ. Proc. § 829, relative to testimony as to transactions with a decedent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 664, 700.]

Appeal from Trial Term, New York County.

Action by Willard P. Little and another, doing business as Little & O'Connor, against Tom L. Johnson, as executor of the will of Albert L. Johnson, deceased. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Francis G. Gaffey, for appellant.

Richard O'Gorman, for respondents.

SCOTT, J. Plaintiffs sued upon a quantum meruit for services alleged to have been rendered to defendant's testator in preparing certain preliminary studies for a city house. The plaintiffs produced, as the studies for which compensation was sought, a number of sketches, for the most part rough, and obviously intended merely as suggestions of elevations and room plans. Of course, in order to recover, it was incumbent upon plaintiffs to show that they had prepared

the sketches under some employment or authorization by the deceased, and some agreement, express or implied, upon his part, to pay compensation therefor. The deceased owned no property in the city upon which to erect the house, and had not fully decided to acquire such property. He seems to have contemplated the possibility of acquiring property and building a house, and it is quite possible that plaintiffs' purpose in preparing the sketches was to induce him to carry his contemplated purchase into execution. Were it not for the admission of some evidence which we deem to have been improperly admitted, there would not have been sufficient evidence of employment to justify submitting the case to the jury.

The plaintiff Little was called as a witness on his own behalf. Of course, he could not testify, and was not permitted to testify, as to any oral communication made to him by the deceased. The plaintiffs, however, sought to establish an implied promise on the part of the deceased to pay for the sketches by showing that he had frequent interviews and consultations with them respecting the sketches while they were being prepared, and the plaintiff Little, under sufficient objections and exceptions, was allowed to testify that he had a number of consultations and interviews with deceased, and especially an interview with him and his wife, at which the plans were discussed between the witness and the wife of the deceased, and the witness further testified that a large part of the services for which compensation was sought consisted of these very consultations and interviews. Under the circumstances this evidence was clearly incompetent, under section 829 of the Code of Civil Procedure. It is well settled that the section not only forbids direct testimony by a survivor that a personal transaction did or did not take place, and what did or did not occur between the parties, but also every attempt by indirection to prove the same thing. Clift v. Moses, 112 N. Y. 426, 20 N. E. 392. The plaintiffs sought to establish the fact that deceased had employed them and agreed to pay for their work by way of inference from the fact that he constantly consulted with them while they were engaged upon the work. Little's testimony as to the fact and number of these consultations was therefore an attempt to prove by himself the facts as to the personal relations between himself and the deceased from which the inference of employment and promise were to be drawn. Lerche v. Brasher, 104 N. Y. 157, 10 N. E. 58. The admission of this evidence requires the reversal of the judgment.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.