ALBRECHT J. LERCHE, Appellant, v. WILLIAM M. BRASHER, as Administrator, etc., Respondent.

In an action to recover for services alleged to have been rendered to defendant's testator, after proof of the rendition of the services, plaintiff, as a witness in his own behalf, was asked if he had been paid therefor, this was objected to as involving a personal transaction with the deceased. The objection was overruled and plaintiff answered "No." Defendant's offered no evidence tending to show payment. *Held*, that while the objection was good the evidence was wholly immaterial and could have done no harm, as payment was an affirmative defense, and the burden of proving it was upon the defendant.

The plaintiff was asked and permitted to testify under objection and exception as to what services he rendered, excepting personal transactions or communications with the deceased. *Held*, that the question was proper in form, and if any improper evidence was given under it, it was defendant's duty to object and move to strike out so much of the answer as exceeded the legitimate scope of inquiry.

A transcript, certified to by the proper officer, of a power of attorney authorizing the conveyance of land, recorded in the clerk's office of county in which the land is situated, is competent as evidence (1 R. S. 763, § 39; Code of Civ. Pro., § 933).

*Lerche* v. *Brasher* (37 Hun, 385) reversed.

(Argued December 13, 1886; decided January 18, 1887.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made September 22, 1885, which affirmed an order of the trial court granting a motion made on the minutes for a new trial. (Reported below, 37 Hun, 385.)

The nature of the action, and the material facts are stated in the opinion.

*G. A. Clement* for appellant. There was no error in regard to the admission of evidence concerning the lost power of attorney. (Code, § 933.) The ground for the exclusion of evidence, made competent by section 933 of the Code, must be made out by the party alleging its incompetency as to the particular matter. (*Pinney* v. *Orth*, 88 N. Y. 451; *Cary* v. *White*, 59 id. 339; *Severn* v *Nat. State Bk.*, 18 Hun, 228, 229; *Ham* v. *Van Orden*, 84 N. Y. 271; *Pratt* v. *Elkins*, 80 id. 201; *Wadsworth* v. *Hermann*, 85 id. 639.) Neither

the question nor the answer, as to whether any part of the claim had been paid, called for or disclosed any personal transaction or communication with the deceased. *Pratt* v. *Elkins*, 80 N. Y. 201; *Ward* v. *Kilpatrick*, 85 id. 417; *Rowland* v. *Hegeman*, 1 Hun, 491; S. C. 59 N. Y. 643.) There was no error in the charge of the trial court to the jury that the statute does not prohibit a man, after his employment has been shown by other evidence, from testifying as to the services which he has performed. (*Plattner* v. *Platt*, 78 N. Y. 91; *Pontiers* v. *People*, 82 id. 347; Code, § 829; *Kelly* v. *Burrows*, 19 Week. Dig. 478; *Markell* v. *Benson*, 55 How. 360; *Tooker* v. *Gormer*, 2 Hilt. 71; *Merritt* v. *Campbell*, 79 N. Y. 625; *Miller* v. *Montgomery*, 78 id. 286.) The alleged counter-claim was not a claim belonging to the decedent and was not allowable. (Code, §§ 501, 505; *Berrian* v. *Mayor, etc.*, 15 Abb. [N. S.] 207; *Piser* v. *Stearns*, 1 Hilt. 86; *Mayor* v. *Parker Steamship Co.*, 12 Abb. 300; *Patterson* v. *Patterson*, 59 N. Y. 574; *Taylor* v. *Mayor, etc.*, 82 id. 10; *People* v. *Dennison*, 84 id. 279.) The reply did not waive plaintiff's right to object to the counter-claim as not allowable. (*Carpenter* v. *Manhattan Ins. Co.*, 22 Hun, 52; *Smith* v. *Hall*, 67 N. Y. 51.) Where a charge, taken as a whole, is in accord with the law of the case an appellate court will not speculate as to correctness and significance of detached portions standing alone and unqualified by the context. (*Mosher* v. *City of Auburn*, 17 Week. Dig. 477; *Mallory* v. *Tioga R. R. Co.*, 3 Abb. [Ct. App.] 143.) The statute is limited in its legal operative power to objectionable evidence and not to the witness personally. (*McKenna* v. *Bolger*, 22 Week. Dig. 361.)

*Thomas E. Pearsall* for respondent. There was error in permitting the plaintiff to testify that the handwriting of the paper shown was that of the deceased it being a personal transaction. (*Holcomb* v. *Holcomb*, 95 N. Y. 316; *Erben* v. *Lorillard*, 19 id. 302; *Newman* v. *Goddard*, 3 Hun, 72; *People* v. *Zimmerman*, 4 N. Y. [Crim. R.] 272.) The court

erred in allowing plaintiff to testify against defendant's objec-
tion to the question ; has any part of this been paid ?   Answer ;
no.   A negative fact cannot be proved by a witness who si a
party and brought within section 829 of the Code.   (*Dyer* v.
*Dyer*, 48 Barb. 190 ; *Howell* v. *Van Sicklen*, 6 Hun, 115 ;
*Haughty* v. *Wright*, 12 id. 179 ; *Boughton* v. *Bogardus*, 7 N.Y.
Civ. Pro.] 252 ; *Wilson* v. *Reynolds*, 31 Hun, 47 ; *Somerville* v.
*Crook*, 9 id. 664 ; *Baldwin* v. *Smith*, 5 id. 454 ; *Williams* v.
*Davis*, 7 N. Y. [Civ. Pro.] 282 ; *Hill* v. *Heermans*, 17
Hun, 470 ; *Fooley* v. *Bacon*, 70 N. Y. 34; *Chadwick* v.
*Fonner*, 69 id. 406 ; *Braque* v. *Lord*, 2 Abb. [N. C.] 14 ;
*Pearce* v. *Barnett*, 30 Hun, 525 ; *Harsdell* v. *Scott*, 26 id.
617.)   The court erred in permitting plaintiff to testify to
the various services rendered by him for deceased.   ( *Williams*
v. *Davis*, 7 N. Y. [Civ. Pro.] 282 ; *Holcomb* v. *Holcomb*, 95
N. Y. 316 ; *Fisher* v. *Verplank*, 17 Hun, 150 ; *Boughton* v.
*Bogardus*, 7 N. Y. [C. P.] 252.)   The court erred in receiv-
ing in evidence the power of attorney claimed to have been
made by deceased to plaintiff.   (*Harsdell* v. *Scott*, 26 Hun,
617 ;   *Pease* v. *Bennett*, 30 id. 526.)   The court erred in
excluding proof of the defense or counter-claim of $2,000,
set   forth   in   defendant's   answer,   with   respect   to   the
improper   management   of   the   estate   of   Pierre   M.   Van
Wyck.   ( *Wadley* v. *Davis*, 63 Barb. 500.)   Where securities
in the hands of a creditor are wrongfully disposed of by him,
so that the debtor has a claim upon him for damages for their
loss, such damages can be set off against the debt *pro tanto*, in
an action at law brought by the creditor for the recovery of
the debt.   (*Bulkeley* v. *Welch*, 31 Conn. 339 ; *Ainsworth* v.
*Bowen*, 9 Wis. 348 ; *Campbell* v. *Fox*, 11 Ia. 318 ; *Gleason*
v. *Clark*, 9 Cow. 57 ; *Harlock* v. *Le Baron*, 1 Civ. Pro. R.
168 ;   7 Wait's Act. and Def. 485 ; *Herrion* v. *Norton*, 2
Ashm. [Pa.] 150 ; *Streeter* v. *Streeter*, 43 Ill. 155 ; *Waterman*
v. *Clark*, 76 id. 428 ; *McEwen* v. *Kerfoot*, 37 id. 530 ; *Still*
v. *Hall*, 20 Wend. 51.)   It was error for the court to refuse
to charge " that if the jury find that Lerche gave away and
diposed of the larger part of Van Wyck's estate, without con-

sideration, and that thereby the estate was more damaged than benefited by his alleged services, then they will be justified in finding that there is no value to the services alleged to have been rendered." (*Harlock* v. *Le Baron*, 1 Civ. Pro. 168.)

FINCH, J. The plaintiff brought this action, claiming to recover about $2,600 as compensation for services rendered to Mr. Van Wyck, the defendant's testator, in the character of his agent and attorney. The contract of employment was proved, beyond all question, by evidence wholly uncontradicted, and of a kind open to no criticism. The services rendered began a few days before January 14, 1880, on which day the plaintiff collected a judgment of about $500 in favor of Van Wyck.

On that day the latter, by a written instrument, the signature to which was proven and not questioned, appointed plaintiff his "attorney in fact" for all matters pertaining to two actions which were specified. That the employment was earlier than that is evident from a letter of Van Wyck, dated December 30, 1879, in which he speaks plainly of the existing relation. Other letters are quite as decisive, and on the 10th day of February, 1880, Van Wyck gave to plaintiff a general power of attorney covering, substantially, the transaction of all his business. The employment was further proved by at least one witness who swore to the statements of the testator to that effect.

The general character of the services contracted for and rendered, was also shown by evidence outside of anything which fell from the plaintiffs. The property of the testator had been taken from him on account of his intemperate habits and placed in the hands of a committee. Van Wyck had become restored to health and capacity and entitled to receive back and manage his property. The committee had placed the estate in the hands of Morris & Pearsall, his attorneys, and in a letter dated February twenty-seventh, Van Wyck notified plaintiff that they had agreed to deliver the papers if he (Van Wyck) would call for them, and adds: " I shall not

go and so shall answer. They shall settle with you alone." That they did so settle the defendant himself proved. The amount of property thus delivered over was about $28,000. The defendant also proved the payment of the Walsh mortgage of $5,500 and the interest upon it to plaintiff. There was thus clear evidence of the employment and the general nature of the services rendered outside of any testimony given by the plaintiff in his own behalf. A verdict was rendered in his favor for $750 or about one-quarter of his claim. A motion was made upon the minutes and the exceptions taken to set aside the verdict and for a new trial, which was granted upon two grounds relating to the admission of evidence. On appeal, the General Term affirmed the order, but for other and different reasons.

The trial judge specified two such errors as the ground of his action. On the hearing, after the plaintiff had described the work he had done, he was asked if he had been paid for it. To this inquiry the defendant objected, as involving a personal transaction with the deceased. The objection was overruled, an exception taken, and the witness answered "no." The answer negatived a personal transaction with the testator and was equivalent to a declaration that neither the deceased nor his administrator, with the will annexed, had paid for the services rendered. But while the objection was a good one, the evidence was wholly immaterial. The plaintiff was not required to prove the negative, and payment was an affirmative defense, the burden of establishing which was upon the defendant. No evidence in that direction was offered or given, and striking out the inadmissible answer would in no possible respect affect the result reached. We ought not to reverse a judgment on so narrow a ground.

The trial judge further held that it was error to admit the transcript from the register's office of New York of Van Wyck's power of attorney.

When first offered it was objected to as secondary evidence and as no proof of the original. The court said, "it is no proof that Van Wyck executed it; it is simply proof that a

paper of this kind is on record ;" and thereupon overruled the objection and defendant excepted. The plaintiff then testified, without objection, that he had had the original in his possession but had lost it, and on a careful search, had been unable to find it. At a later period of the case a transcript of the power of attorney was read in evidence against an objection that there was no proof that Van Wyck ever executed it and the paper was incompetent. By the Revised Statutes (vol. 2 [6th ed.] p. 1151, § 73), a power of attorney authorizing, as did the one in question, the conveyance of real estate may be recorded in the clerk's office of any county in which the land affected is situate and the record be received in evidence with like effect as a conveyance. My first impression was that there was not sufficient proof that Van Wyck owned land situated in New York county, but a careful reading of the evidence shows that while the proof was not direct and pointed, there is an abundance of it from which the natural and necessary inference of such locality follows. The Code provides (§ 933) that a transcript from a record kept "pursuant to law" in a public office of the State, whose incumbent has an official seal, when properly certified by the officer, is evidence as if the original was produced. Under these provisions the transcript was properly received in evidence.

The General Term, in affirming the order for a new trial, placed no reliance upon the objections thus considered but rested its action upon the much more serious ground that the plaintiff was permitted to state in detail the services he rendered, in the face of an objection that such proof involved a personal transaction with the deceased. The trial judge stated distinctly and carefully what he intended to rule. He said that plaintiff could not testify to an employment or request, but where that was proved by other evidence the party might describe simply the things which he did, provided such acts could have been done in the absence of deceased and without his immediate or personal participation. Acting upon this basis the court excluded all evidence of visits to Van Wyck's residence, or of facts which Van Wyck,

if living, could have directly contradicted by his own oath, and limited the proof to independent facts. These were that plaintiff collected the Erie judgment, the Walsh mortgage and the assets in the hands of the committee, and to effect those results made certain calls upon the committee and his attorneys, and examinations of records in other counties. The only objection taken was a general one to the question with which the inquiry began, and that question was: "What was done by you, excepting, of course, personal transactions or communications with the deceased, Mr. Van Wyck, from the time you first commenced your labor down to his death?" The objections were thus phrased: "As incompetent and calling for transactions with deceased." The question was proper in form. It called for no objectionable proof, and if any was proffered under it the defendant's duty was to object specifically and move to strike out so much of the answer as exceeded the legitimate scope of the inquiry. Nothing of this kind actually and in terms occurred. The only further objection taken to the evidence, under the provision of the Code, was to the inquiry "how much time" his detailed services occupied. At the close of the case there was an exception to the charge to the jury in which the judge explained the reasons why he permitted the plaintiff to testify to what he did. Whether those reasons were sufficient, or in all respects correct, was immaterial. The sole question was whether any of the evidence objected to and admitted was competent under the Code. Some of it, we think, was. Possibly one objection might be treated as a motion to strike out an answer. To the inquiry, proper in form because excluding personal transactions or communications, the witness said: "I went to Morris & Pearsall's office and got the papers in the case of Van Wyck, by committee, against Ostermeyer and Brasher, and went to Albany to prepare the case with Judge Hand for the Court of Appeals." The record adds, "objection to this evidence renewed," "as calling for a transaction with the deceased." If we indulge in the latitude of treating this, which is the sole specific

objection taken, as fairly equivalent to a motion to strike out, we are still of opinion that the two facts related were independent facts, in which the deceased was not personally a participator and which, if living, he could not, for that reason, have contradicted. They might have been done without his authority or knowledge, as were some other acts of the plaintiff, and did not necessarily involve a personal transaction with him. When that inquiry arose, by reason of his employment or request, the mouth of the witness was closed. If that employment or request, in any manner or to any extent rested upon an inference drawn from the character of the facts done, the evidence would be incompetent. But no such error was committed. The jury were expressly warned against it and told "before you can find the fact of the employment you must be satisfied of it by testimony other than his own." On this state of the record we think the ruling at the trial was not erroneous, and especially for the reason that the facts specifically challenged were substantially proved by the deceased's own written communications.

The General Term intimated a doubt whether defendant's counterclaim was not erroneously excluded. The court admitted the facts as a defense and excluded them as a counter-claim, and with this ruling the defendant seems to have been contented for he took no exception.

The orders appealed from should be reversed, and the judgment for plaintiff ordered on the verdict, with costs.

All concur, except Rapallo, J., not voting.

Orders reversed and judgment accordingly.