plete all the work by him to be done under said agreement" (that is, the whole work specified in the contract proper), but that the defendant refused this demand. I think that this was a breach of the contract. The plaintiff undoubtedly took a risk in bidding upon work for which a complete plan was not in existence, since he could not tell the exact grade which would be fixed for the remainder of the work. The risk, however, was not great, in view of the fact that under this contract the plaintiff was to receive a stated sum for each cubic yard of filling or excavation.

It may be added that the legal right of the department of public works to make such a contract as is claimed to have been here made is by no means free from doubt. City officials have no authority to contract, except as directed by ordinance; and, in so far as they deviate from the resolution of the municipal legislative body, their action is void. Bonesteel v. Mayor, etc., 22 N. Y. 162. Here the resolution of the common council was that Dyckman street should be graded the whole distance from the Hudson river to Exterior street. The department was bound to carry out this mandate, and I am not prepared to say that this work, which was all of the same general kind, and easily capable of being embraced within a single contract, might be subdivided. If the work might be subdivided at all, it is difficult to see why it might not be split up into 100 different sections, to the great increase in the cost. At all events, it seems perfectly obvious that here there was no such attempt, but that it was intended to execute the resolution at one time, and by a single contract. On account of the dismissal of this third cause of action, I think the judgment should be reversed, and a new trial ordered.

RUMSEY, J., concurs.

---

In re ROWELL.

(Supreme Court, Appellate Division, Fourth Department. November 28, 1899.)

CLAIM AGAINST ESTATE—DEFENSE OF PAYMENT—BURDEN OF PROOF.
    The burden is not on a claimant to show that his claim against a testator has not been paid, where he presented it to the executor, verified in conformity to Code Civ. Proc. § 2718, certifying that no payment had been made thereon, but the defense of payment must be shown affirmatively by the executor.

Appeal from surrogate's court, Jefferson county.

In the matter of the final judicial settlement of the accounts of Nat. J. Rowell, as executor, etc., of Annie M. Blood, deceased. From a decree disallowing the claim of B. O. Phillips, based on the decision of a referee refusing to allow it, claimant appeals. Reversed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

Charles A. Miller, for appellant.
Joseph Nellis, for respondent.

SPRING, J.   The appellant presented a claim to the respondent, as executor of Annie M. Blood, deceased, arising out of the following facts:   The claimant was president of the Mt. Albert Gold-Mining, Tunnel & Power Company, a mining corporation organized and doing business in the state of Colorado.   He sold to the testatrix 20,000 shares of the capital stock of said corporation for the sum of $2,000.   That such sale was actually made, and for the price stated, and that the sum of $1,000 of this purchase price has been paid, are facts not controverted.   It is contended, however, that Phillips, the claimant, made the sale as president of the corporation, and that the claim belongs to it, and not to Phillips.   The proof of the transaction in reference to the sale rests chiefly upon correspondence between the parties.   These letters show that Miss Blood supposed she was dealing with Phillips as an individual.   They are directed to him in that capacity, are personal and friendly, expressing confidence in him as a friend.   In stating the price she says it was according "to the agreement between Mr. B. S. Phillips and myself," and in a letter to him she characterizes the stock as "some of your holdings."   The check for part payment was to him individually, and there is no suggestion of any transaction with him in his official capacity, or that she was indebted to the company.   In his communication he does not claim he was acting as president of the company, but they indicate it was his stock and he was making the sale on his own behalf.   The fact that he was president of the company raises no barrier to a sale of stock by him.   This was an infant corporation, founded largely on prospects, which evidently did not materialize as these sanguine promoters and investors anticipated, and the stock was being sold; but that does not imply that any individual stockholder, even though an officer of the corporation, was prevented from disposing of his stock.   It was his property, and it was salable and transferable.   Whatever arrangement there might have been as to avails arising from the sales made, the claimant had possession of these certificates of stock.   He sold them to the testatrix, and she paid him in part therefor, and the debt, if any, belongs to him.   The burden was not upon the claimant to show affirmatively this claim had not been paid.   He presented to the executor a verified statement of his account conforming to section 2718 of the Code of Civil Procedure, certifying that no payment had been made on this balance of $1,000.   The presentation of this claim in compliance with the statute imposed the duty upon the executor to establish the defense affirmatively.   Redf. Prac. Sur. Cts. (5th Ed.) p. 527; Lerche v. Brasher, 104 N. Y. 157, 10 N. E. 58; Hicks-Alixanian v. Walton, 14 App. Div. 199, 43 N. Y. Supp. 541. To require a claimant to establish primarily that no payments have been made upon his claim would result often in defeating a just demand, as the owner of the claim is disqualified from testifying to any transaction with the decedent relating thereto.   The personal representative can protect himself in a measure from the payment of demands already paid by requiring that the creditor in his affidavit state that no payments have been made, but the burden of proof is not shifted to the claimant when his claim has been rejected, and

he is obliged to have it adjudged valid by a court. While the proofs in this case are not as definite as we could wish, we are satisfied the referee and surrogate erred in disallowing the claim. The decree of the surrogate's court is reversed, and a new trial ordered, with costs of the appellant to abide the final award of costs, and case remitted to the surrogate's court. All concur.