(83 Misc. Rep. 101.)

### GROSSMAN BROS. & ROSENBAUM v. DUNAIF BLDG. CO., Inc.

(Supreme Court, Appellate Term, First District.   December 11, 1913.)

MECHANICS' LIENS (§ 279*)—ENFORCEMENT—BURDEN OF PROOF.

In an action by a subcontractor to enforce a mechanic's lien against property, the burden is upon him to prove that, at the date of the filing of the lien, there was an amount due from the owner to the general contractor, since the lien depends upon the existence of a fund to which it can attach.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 555, 556; Dec. Dig. § 279.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Grossman Brothers & Rosenbaum against the Dunaif Building Company, Incorporated.   Verdict and judgment for plaintiff. Defendant appeals.   Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Samuel Chugerman, of New York City, for appellant.

Samuel B. Pollak, of New York City, for respondent.

LEHMAN, J.   The plaintiffs are subcontractors who performed certain work on a building owned by the defendant, Dunaif Building Company, and have recovered a judgment against that company in a mechanic's lien action.   The plaintiffs' evidence consisted of proof that the work was performed by them under a subcontract from Greenberg & Schlechter, Inc.; that Greenberg & Schlechter had a parol contract to do the iron work on the building; that the price for the general contract was $2,500; and that the general contract was completed.   The plaintiffs did not ask their witness when the payments became due under the general contract, but on cross-examination the witness testified that these payments became due as the work progressed.

At the close of the plaintiffs' case the defendant, Dunaif Building Company, moved to dismiss on the ground that there was no proof that there was any sum due from it to the general contractor.   When the motion was denied, the defendant produced testimony by its own officer and by the general contractors that all payments under the general contract had been met.   The trial justice then submitted to the jury the question whether there was any money due to the general contractor, charging the jury that "the plaintiff must satisfy you by a preponderance of evidence that there was money due to the contractor who hired them; that that money was still in the possession of the owner of the building, the Dunaif Building Company," and then charging them further:

"There is another matter for you to determine, and that is whether or not this defendant did really pay this amount, this full amount to the contractor before the lien was filed.   That is the important question in this case for you to determine.   Now the defendants having set up this defense of payment, they must establish it.   They must satisfy you by a preponderance of evidence that they did pay this contractor in full."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The jury thereupon brought in a verdict for the plaintiff.

This charge to the jury is obviously misleading. The jury were bound to decide only one question, viz., whether the owner of the building had at the time of the filing of the lien money in his possession due to the general contractor. It is not disputed that the contract price of the work done by the general contractor was $2,500. If this sum was not paid before the filing of the lien, then the defendant had still in its possession money due to the contractors; if it was paid in full, then it had concededly no money in its possession due to them. It is quite impossible that upon this question the plaintiff and the defendant should both have the burden of proof.

The general principle is well established that, since the lien is made to depend upon the state of the owner's indebtedness, it is for the subcontractor to prove the fact that there was an amount due the contractor at the time of the trial. See Keavey v. De Rago, 20 Misc. Rep. 105, 45 N. Y. Supp. 77, and cases here cited, especially Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017. The courts have apparently consistently announced this principle, except in the early case of Rudd v. Davis, 1 Hill, 277, where the court said:

"But we think the court erred in holding that the plaintiffs were bound to do more, in the first instance, than prove performance by H. Geer, the contractor and principal debtor. Pro tanto, the plaintiffs were assignees of H. Geer's demand against Davis, * * * who had been sued by H. Geer, must have taken the burden of proving payment, on the latter showing that he had performed."

I have been unable, in such research as I have had time to make, to find any subsequent case in which the case of Rudd v. Davis has been cited either with approval or with criticism; on the other hand, I have found no case where the courts considered the same state of facts upon which that case is based.

In the case of Van Clief v. Van Vechten, supra, 130 N. Y. at page 580, 29 N. E. at page 1019, however, the court stated:

"The plaintiffs claim through the contractor, and if the third payment was not due as to him it was not due as to them. They are under the same obligation to prove performance and to the same extent that he would be. *Their rights as lienors* are measured by his rights under the contract." (Italics are mine.)

This statement in the opinion refers only to proof of performance, and not to any proof that the payment due the contractor upon performance had not been made. However, if this statement of the law is correct, then it may well be argued that a lienor has shown a sum due to the contractor by presenting proof sufficient to sustain a cause of action by the contractor himself, and that, in any case where the burden of proving payment would be on the owner if he were sued on the contract by the contractor, the same burden rests upon him if he is sued by the lienor.

On the other hand, in the case of Conkling v. Weatherwax, 181 N. Y. 258, at page 266, 73 N. E. 1028, at page 1031 (2 Ann. Cas. 740), Judge Vann, in considering the general question of when payment is to be regarded as an affirmative defense, squarely laid down the rule:

"So in the foreclosure of mortgages and mechanics' liens, as well as in the enforcement of all other liens, including creditors' actions, the practice of alleging and proving the amount due and unpaid is universal, for otherwise there is no lien to enforce. Proof that a lien once existed does not prove that it still exists, and the cause of action rests upon the existence of the lien when the action is commenced. Hence the complaint must allege and the evidence must show that there is a lien on the property at the time when the effort is made to sell it in order to pay the lien."

Although the majority of the court did not in that case agree with all the statements of law contained in Judge Vann's opinion, I think a majority did agree that in actions to establish a lien the defendant did not have the onus probandi on the issue of payment. So in the case of Ebling v. Nekarda, 148 App. Div. 193, 132 N. Y. Supp. 309, the Appellate Division of this department stated as authority for its own action:

"In attempting to lay down the rules governing the allegation of payment, Vann, J., said in Conkling v. Weatherwax, 181 N. Y. 258, 268 [73 N. E. 1028, 1031 (2 Ann. Cas. 740)]: 'When the action is not upon contract for the payment of money, but is upon an obligation created by operation of law, or is for the enforcement of a lien where nonpayment of the amount secured is part of the cause of action, it is necessary both to allege and prove the fact of nonpayment."

It seems to me, therefore, that the weight of authority is decidedly in favor of the view that a subcontractor who seeks to impose a lien upon the property must show affirmatively that there is a fund in existence to which his lien can attach, and that there is no burden upon the owner to prove that he has already paid the general contractor in full for the work. While the lienor in such an action derives his rights from the general contractor, and in that sense his rights are measured by the rights of the general contractor, under his contract, still he derives those rights, not by assignment, but by operation of law, and should legally, in my opinion, be held to prove that the state of facts contemplated by the law exists, viz., that there is due and unpaid some sum of money by the owner to the contractor.

It is true that such a rule imposes a difficulty upon the lienor in that he is required to prove something which is within the knowledge of the owner, and not always within the knowledge of the lienor. It is unnecessary now to consider whether, in a proper case, proof that the owner had agreed to pay the lienor a sum certain, and that the time for this payment is past, may not be sufficient to cast upon the owner the burden of producing some evidence that the sum past due has been paid.

In this case, however, the defendant owner did assume that burden, and not only testified himself that the payments were made, but produced the contractor, who testified that these payments were received. In spite of the fact that there are some slight improbabilities in the defendant's testimony, I do not believe that the court or jury could reasonably disregard this testimony, and upon the whole case it was the duty of the trial justice to dismiss the complaint.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.