(164 App. Div. 787)

PATTERSON et al. v. J. WALTER GAGE REALTY CO.   (No. 507–150.)

(Supreme Court, Appellate Division, Fourth Department.   November 11, 1914.)

1. PAYMENT (§ 59*)—CONTRACT FOR PAYMENT OF MONEY—AFFIRMATIVE DEFENSES.

A contract to purchase real estate, stipulating that one-half of the price shall be paid in cash and the balance secured by mortgage payable in five years, is not one for the payment of money only, and payment is not an affirmative defense, in an action by the vendor on the contract.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 143½; Dec. Dig. § 59.*]

2. PLEADING (§ 345*)—MOTIONS—JUDGMENT ON PLEADING.

Where a vendor, suing the purchaser for breach of contract, stipulating for the payment of one-half of the price in cash and the balance secured by mortgage, alleged that the purchaser failed to perform the contract on his part and to pay the price or any part thereof, and the purchaser filed a general denial, the vendor, to recover, must prove nonperformance, and a judgment on the pleadings in his favor was erroneous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

Appeal from Special Term, Monroe County.

Action by William Patterson and another against the J. Walter Gage Realty Company. From an order granting plaintiffs' motion for judgment on the pleadings, and directing a judgment in their favor and against defendant, and the issuance of a writ of inquiry to assess the damages of plaintiffs, with leave to defendant to move at the next Special Term of court appointed for the hearing of contested motions to amend its answer, and staying proceedings of plaintiffs until the hearing and determination of the motion, if made, defendant appeals. Reversed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Charles L. Pierce, of Rochester (Carnahan, Adams, Jameson & Pierce, of Rochester, of counsel), for appellant.

Eugene Van Voorhis, of Rochester (John Van Voorhis' Sons, of Rochester, of counsel), for respondents.

PER CURIAM.   Defendant in its answer admits so much of plaintiffs' complaint as alleges their ownership of the real estate, described therein, the fact that defendant is a domestic corporation, its business and place of business, the making of the contract between the parties on or about May 10, 1913, for the sale by plaintiffs and the purchase by defendant of said real estate at the price, on the terms, and at the time alleged in the complaint, and that on the latter date plaintiffs furnished an abstract of title showing a good and marketable title, and executed and were ready to deliver a good and sufficient warranty deed of the said premises. It interposes a general denial of the other allegations of the complaint. One of these allegations, thus denied, is "that the defendant failed to perform the said contract upon its part, and has failed to pay the said contract price or any part thereof."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Following this allegation are statements alleging special damages by reason of the alleged failure of defendant to keep its contract, for the amount of which judgment is demanded.

[1, 2] The contract, as set out in the complaint and admitted by the answer, provided that the agreed purchase price of the premises should be paid by defendant, one-half "in cash and the balance secured by a mortgage payable in five years." The contract was therefore not one for the payment of money only, in which case payment would doubtless be an affirmative defense, to be pleaded and proved. Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, 2 Ann. Cas. 740; Dowling v. Hastings, 211 N. Y. 199, 105 N. E. 194. It is defendant's breach of the contract by reason of its failure to pay the one-half of the purchase price and to secure the balance by the mortgage on the premises as the contract required, which plaintiffs have alleged. Such failure on the part of defendant it was incumbent upon plaintiffs both to allege and, if denied by defendant, to prove upon the trial. This allegation having been put in issue by defendant's denial, judgment on the pleadings could not properly be directed so long as that issue remained undisposed of.

Without passing upon the question whether plaintiffs' complaint is defective, in that it does not allege an actual tender of the deed, or circumstances showing that such tender was unnecessary, we are of the opinion, for the reasons hereinbefore stated, that plaintiffs' motion for judgment on the pleadings should have been denied.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.