THOMAS J. FRY, Plaintiff, *v.* GRAFTON J. WILLIAMS, Defendant.

County Court, Jefferson County, November 9, 1931.

*Abner B. Brown*, for the appellant.

*Clarence L. Crabb*, for the respondent.

KIMBALL, J.  The action was for labor and materials furnished by plaintiff's assignor.  The value of such labor and material is not in dispute.  The defendant interposed an answer of general denial.

It appears that the plaintiff's assignor had already obtained

a judgment for the same labor and material against one Stickley and, from anything which appears, nothing has been collected on this judgment.

The evidence taken before the justice of the peace, without doubt, is such that, unless the contention of the defendant is sustained on this appeal, the judgment should be reversed.

The defendant maintains that the judgment should be affirmed on two grounds, viz.:

1. That the plaintiff failed to prove by the plaintiff that payment had not been made of the account and that, therefore, the plaintiff has not proved a cause of action.

2. That the former judgment taken by plaintiff's assignor against Stickley is a bar to this action and plaintiff is estopped from taking a second judgment for the same account.

As a matter of law, I am unable to agree with defendant on either ground.

Payment is an affirmative defense, to be pleaded and proved. (Civ. Prac. Act, § 242.) No such defense was set up in the answer and no proof of payment appears. The claim of defendant that the plaintiff must prove non-payment as part of his case is not sustained by the decisions. (Conkling v. Weatherwax, 181 N. Y. 258, opinion of Cullen, Ch. J.; Sea Gate Hotel Co. v. Nahmmacher, 112 Misc. 100.)

In the last cited case it was held that in an action on contract for the payment of money only, although it may be necessary to plead non-payment, it is not necessary for the plaintiff to prove that fact. The burden of proving payment is upon the defendant. A general denial does not put in issue the question of payment. (McKyring v. Bull, 16 N. Y. 297.)

It was said in Bremer v. Ring (146 App. Div. 724): " The authorities uniformly hold that it is necessary for the plaintiff in such an action to allege non-payment, but this is a mere rule of pleading, and for the reason that payment must be pleaded or proved as a defense the denial of such an allegation does not make it an issuable fact." (See, also, Bernham Chemical & Metal Corp. v. Ship-a-Hoy, Ltd., 200 App. Div. 399.)

The question of whether the prior judgment of plaintiff's assignor against Stickley is a bar to this action need not here be decided. However, to be res adjudicata, the former judgment must be between the same parties or their privies and involve the same subject-matter. The defendant herein was not a party to the former action and surely was not bound by the judgment in favor of the plaintiff therein. If judgment had been given to Stickley in the former action, could it be said that the defendant here could have

availed himself of the defense that such judgment was *res judicata* as to him? I think not.

"A defendant cannot plead in bar of the action against him the fact that plaintiff has already recovered a judgment on the same cause of action against a stranger, not in privity with such defendant nor jointly bound with him, even though such recovery was wrong in law, the stranger not being legally liable, and may result in giving plaintiff a double satisfaction." (23 Cyc. 1207.)

Had plaintiff or his assignor collected his judgment against Stickley, that fact would have been a defense here if properly pleaded and proved. There is no proof of that.

In any event, the defendant did not plead the former judgment in bar of this action. Plea of a former judgment is an affirmative defense. This cannot be raised by a general denial. (Civ. Prac. Act, §§ 242, 261; *Westminster Church* v. *Presbytery of N. Y.*, 211 N. Y. 214.)

It appears from the testimony that the defendant told plaintiff's assignor that the bill he had against him should be sent to Stickley, and plaintiff's assignor said to defendant, " If I can get it from Stickley all right, I don't care where I get the money so long as I get it." I think the evidence establishes a cause of action against the defendant and apparently the justice of the peace thought so also, for he stated, " If you hadn't got a judgment against Mr. Stickley, you might have proved it." The charge was made against the defendant and he was the one who ordered the work and materials. Apparently the defendant wanted plaintiff's assignor to collect from Stickley, if he could. The case was decided by the justice, evidently, on the theory that the prior judgment precluded the maintenance of this action. With that question out, I think the judgment is contrary to and against the weight of evidence.

Under section 451 of the Justice Court Act this court cannot render judgment for the plaintiff but may only reverse the judgment and order a new trial.

The judgment is reversed and a new trial ordered before the same justice of the peace, with ten dollars costs and the disbursements of the appeal to abide the event. The time and place of the trial to be fixed in the order upon notice.

Ordered accordingly.