In the Matter of the Estate of LEON MICHELSON, Deceased.

Surrogate's Court, New York County, June 1, 1933.

*Duer, Strong & Whitehead* [*Seldon Bacon* of counsel], for the ancillary administrator.

*Louis L. La Vine*, for Ernst Wedemann, claimant.

*Borris M. Komar*, for Jacob I. Lissitzyn, claimant.

FOLEY, S. (1) The motion of the ancillary administrator to strike out the amended objections to the account filed by the creditor, on the ground that they set forth "causes of action" which are not the same as stated in the claim theretofore filed with him as representative of the estate, is denied. I hold that a notice of claim presented to a representative is not a pleading. It is merely a formal notice required by the statute to be given to a representative, setting forth the claimant's demand against the estate. (*Matter of Gentry*, 139 Misc. 759, 767.) As stated in *Matter of Morton* (58 N. Y. St. Repr. 515, 517): "The statute plainly intends that the claim shall be presented or exhibited in some writing, stating its nature and amount, the owner's name and demanding its payment. The personal representative of the estate is then in possession of information which will enable him to act intelligently, and either to admit the claim or take such steps to protect the estate against it as he shall deem prudent and necessary." Its direct effect is to prevent the representative from paying out all of the assets of the estate until some disposition has been made of the claim. The representative may admit or allow the claim without further proof if he is satisfied as to the validity of it. If he doubts its validity, he must serve notice in writing upon the claimant that he rejects it. The result of a rejection of the claim is to start the short Statute of Limitations, under section 211 of the Surrogate's Court Act, running, and unless the claimant commences an action for the recovery thereof within three months, it must be tried and determined in the proceeding for the judicial settlement of the account. No issue is raised until the petition for an accounting and an account have been filed by the representative, and objections have been filed thereto by the claimant. Ordinarily there is not even a proceeding pending at the time of the presentation of the claim. In *Matter of Kilborn* (232 App. Div. 580, 582) Mr. Justice SHERMAN succinctly summarizes the papers which constitute the pleadings in a contested accounting in the Surrogate's Court. He states as follows: "The petition, the account and the objections comprised the pleadings (Surr. Ct. Act, §§ 49, 51) which defined the issues and limited the extent of the relief which could be given. (*Matter of Hearns*, 214 N. Y. 426, 432.)" In addition a reply, when authorized or necessary, is also included within the pleadings. Its service is unnecessary where the defense of the estate is a general denial of the allegations set forth in the objections. It may be desirable where a special defense, such as the Statute of Limitations or the Statute of Frauds, is to be pleaded against the claim. The notice of claim is, therefore, in no sense a part of the pleadings. Upon the trial of the issues, the notice of

claim, as verified by the claimant, may be urged as an admission against interest. It is, however, essentially part of the proof rather than a pleading in the proceeding. In the present case, the amended objections set forth three " causes of actions." The form of the objections is unimportant if they clearly raise triable issues. The statute provides that the answer or objections shall contain a plain and concise statement of the facts constituting the claim, objection or defense. (Surr. Ct. Act, § 49.) The " causes of actions " stated in the objections here constitute the answer to the petition and account. (*Matter of Hearns, supra.*) It appears from the objections in the pending proceeding that the creditor bases his claim upon a written instrument. The account does not admit the claim. Definite issues will, therefore, have been joined by the amended objections and the prospective reply to them.

(2) I hold, however, that the ancillary administrator is entitled to a bill of particulars of the objections or answer of the creditor. The latter, therefore, will be required to serve and file within ten days a verified bill of particulars setting forth the items requested in the demand annexed to the order to show cause herein. The ancillary administrator is directed to serve and file within seven days after the bill of particulars has been furnished, a reply to the objections filed.

Submit order on notice in accordance herewith.