In the Matter of the Estate of EMMA A. THOMPSON, Deceased.

Surrogate's Court, Monroe County January 4, 1934.

*C. F. Grabbe* [*J. D. Harris* of counsel], executor, in person.

*Bagley, Wechter & Irwin,* for the claimant.

FEELY, S. The claimant took the stand against the executor of this estate, and in her own behalf was asked, " Did the testatrix ever pay you?" The executor's counsel objected that the witness was not competent under section 347 of the Civil Practice Act. The objection was sustained, under the rule gathered from the cases by Mr. Greenfield in section 187 of his work on " Testimony under section 347," etc., in these words: " One asserting a claim on debt against a decedent's estate cannot testify that the decedent never paid the debt, or anything on account of it, or in more general terms that the debt has never been paid." This left the claimant's case without any proof whatever in the record, or any basis from which one could possibly infer, in the most favorable interpretation of the record to claimant, that the decedent had breached her contract by not paying the debt, which was otherwise established *prima facie* as a valid legal obligation to the claimant, in its inception and duly performed by the latter. The testimony was merely that testatrix lived eleven weeks after she left the claimant's home; and that the day she left she said, in reply to a demand for the two dollars extra compensation now claimed, that her attorney would take care of that and see it was paid. The rest is silence.

There is no doubt the foregoing question went to an essential allegation in claimant's pleading and to a part of his supporting proof necessary to avoid nonsuit. Had the question been answered negatively, that the testatrix had not paid the debt, the claimant

could then safely have rested on it as proof of her allegation of breach at maturity. (*Conklin* v. *Weatherwax*, 181 N. Y. 258, at p. 268.) Brief as it was, this much was needed to get by nonsuit, and it in no sense was imposing on her at that stage of the case, the task of anticipating a possible defense of payment. Had the question been answered negatively, the burden of proving payment affirmatively would then have been on the executor. This elementary point was discussed recently in *Matter of Holland* (unreported), where this court said of the Budlong claim against that estate: " There is, therefore, not only an absence of the usual, brief, *prima facie* proof that forms part of every plaintiff's case to the effect that he has not been paid, except a stated sum, and so much remains his due; but there is in this case affirmative proof that there were payments."

This proof need not have been supplied by the claimant herself; for it could have come from other witnesses or sources; but in the nature of things it must usually come from the plaintiff or claimant himself; and while this is easily supplied against a living defendant — sometimes not without suspicion — still the statute (Civ. Prac. Act, § 347) stands as a formidable obstacle to a claimant himself proving this fact as against a decedent's estate. It is in these cases against a decedent's estate, therefore, that the real need of this simple allegation and proof has come into discussion as a factor of vital importance. It cannot be disposed of by saying, superficially, " the burden of proving payment is on the estate." It is, indeed, but only after the claimant has first proven *prima facie* a breached contract.

In deciding the claim of Flora I. Morgan against the estate of Anna B. Miller on October 11, 1932, this court said (unreported, and affirmed, without opinion, May 17, 1933): " Nothing whatever has been shown in the nature of an admission on the part of the testatrix that she was indebted to Miss Morgan, or that she ever said she ' would make it right with her;' nor is there any evidence of anything ever having been paid to the claimant; or, for that matter, any, even the slightest *prima facie* evidence that the claimant had not been paid.

" Her claim filed against the estate is a mere pleading, and not evidence, nor proof of non-payment, or anything else.

" Were testatrix alive today, this claimant's *prima facie* case against her would not be complete without some competent testimony tending to show that the claim was due and not paid. Not that the claimant would have to anticipate fully the possible defense of payment, but that she should, at least, show *prima facie* the claim was due and unpaid; because in fairness to the court she could

not merely gamble on the inability of the defense to prove the claim was never due, or was fully paid. (See *Lent* v. *N. Y. & M. R.*, 130 N. Y. 504, 510.)

" Now that testatrix is dead and the statute has closed the lips of the claimant to say she was not paid (see Greenfield on Section 347 of the Civil Practice Act, § 187), it became necessary for her to bring forward testimony, other than her own, that would tend to show *prima facie* there was an obligation, and that it was not performed. Slight though that *prima facie* evidence may be, it is still essential to the claimant's case; she is not entitled to a judgment for the money merely because the estate may be unable to prove she had it, where her own case offers not the slightest evidence she has had not been paid. On this record, she may have been paid, for all that appears, notwithstanding she would tacitly give us to understand the case to be otherwise."

The claimant's verified claim itself was not admissible in evidence. (*Matter of Smith*, 75 App. Div. 339; *Matter of Weeks*, 23 id. 151; Greenfield on Section 347, §§ 11 and 217, citing *Fisher* v. *Verplanck*, 17 Hun, 150.) It has been held to be a " mere formal notice " (*Matter of Michelson*, 148 Misc. 753), which, strictly speaking, cannot be called a " pleading." (Id.) It is, however, often regarded, together with the rejection, as practically outlining the issue to be tried in judicial settlement; but even as such, it is no more admissible as *prima facie* proof of non-payment than is any self-serving pleading, or notice, any proof of the fact alleged; and especially so, when the pleader is incompetent as a witness against the decedent by reason of section 347.

Here there was a written contract (Exhibit 1) of the decedent to pay during her life for room and board the sum of ten dollars weekly to the claimant; and if either party terminated the contract, as they might do on notice, then the claimant was to receive, in addition to the ten dollars, the further sum of two dollars a week for the time passed. It was tacitly assumed by everybody, at the trial, that decedent did not breach her promise to pay all she owed at the ten dollars rate; but the dispute was based wholly on her alleged breach of the promise to pay the extra two dollars per week, which for 157 weeks would amount to $314, and would carry fifty-six dollars of interest to the time of trial, November 20, 1933. The allegation of this breach was put in issue by the unconditional rejection of the claim by the executor.

The executor's motion to dismiss the claim is granted on the ground stated in the motion, that the claimant had failed to make out a case, for the reason given above.

Enter a decree in accord with this decision.