## In the Matter of the Estate of MARY A. FEE, Deceased.

Surrogate's Court, Westchester County, May 4, 1934.

*Francis J. Duffy*, for the claimant.

*Martin J. Fay*, for the executor.

SLATER, S.   The claimant herein began a compulsory accounting proceeding to compel the executor to account.   The creditor of the estate had filed her claim and it had been rejected by the executor on July 19, 1933.   Upon the return day of the citation the attorneys appearing for the claimant and the executor agreed to litigate the claim before me without further ado.

The creditor claimed $1,350 for services rendered during the illness of the decedent.   The verified claim set forth that the services were actually performed; that there were no offsets; that no part has been paid.

The executor rejected the claim by the use of the words: " The Executor of the above named estate doubts the justice and validity of your claim," etc.

There is a difference in pleadings in actions at law and the informal pleadings in the Surrogate's Court.   It has been held that notice of claim by a creditor is in no sense a part of the pleadings.   (*Matter*

*of Thompson,* 149 Misc. 899, 901.) Surrogate FOLEY, in *Matter of Michelson* (148 Misc. 753, 755) said: " It is, however, essentially part of the proof rather than a pleading in a proceeding." The rejection of the claim herein is in the nature of a general denial. It follows that there are no issues raised to prevent recovery sought by the claimant. An affirmative defense cannot be raised by a general denial. (*Conforti Construction Co., Inc.,* v. *Neek Realty Corp.,* 125 Misc. 876.)

Non-payment of the services is not an essential allegation in the verified claim to be proved by the claimant, and allegations that certain amounts are still due and owing are a statement of a conclusion. As Judge CULLEN said in *Conkling* v. *Weatherwax* (181 N. Y. 258), the question of pleadings is of very slight importance.

In *Matter of Thompson* (*supra*) the claim was held not to be admissible in evidence, but to be a " ' mere formal notice ' * * * which strictly speaking cannot be called a ' pleading.' "

The *Thompson* case had to do with a written contract. Here we are dealing with work and services performed. If proven, a verdict based upon *quantum meruit* may be rendered. The recovery may be had upon *quantum meruit* for the value of services rendered, even though an expressed contract for the payment of the alleged services is not established, if the evidence shows the rendition of services under such circumstances as imply an agreement to pay therefor. (*McKeon* v. *Van Slyck,* 223 N. Y. 392, 399.) The claimant is only required to prove his case by a fair preponderance of evidence. (*Caldwell* v. *Lucas,* 233 N. Y. 248; *Matter of Bayles,* 108 Misc. 117; *Matter of Otis,* 126 id. 741; *Matter of Moodie,* 129 id. 853.)

In determining claims on *quantum meruit,* two elements are essential, *i. e.,* proof of service rendered and the number of days or hours of service. To determine the validity of a claim presented, it is for the court to take into consideration all of the facts, the relation of the parties and the nature of the claim presented in arriving at a conclusion. (*Ward* v. *N. Y. Life Ins. Co.,* 225 N. Y. 314.) (See *Matter of Long,* 144 Misc. 181.)

Upon the trial the claimant was asked if she had been paid by the decedent. Objection was made because it was a personal transaction with the decedent, and the court received it over the executor's objection. The executor cited *Matter of Thompson* (*supra*) to sustain the objection that the evidence was not admissible, and in aid of his further contention that, because of the inadmissibility of such evidence, the claimant had failed to make out a case, asserting that the burden of proof of payment was upon the claimant.

We are first met by the legal objection of the executor that the

claimant has failed to make out a case. The learned counsel for the executor argues with plausibility on the authority in *Conkling* v. *Weatherwax* (181 N. Y. 258), accepted as the law on the question in *Matter of Thompson* (*supra*). The instant case turns on the point of who sustains the burden of proof of payment. If the claimant must sustain the burden of proof, then she has failed to make out a case. If the burden is cast upon the executor, then the admission of the claimant's negative evidence of non-payment is immaterial and the case turns on the question of whether there is a fair preponderance of evidence in favor of the claimant.

It would appear that the decision in *Conkling* v. *Weatherwax* (*supra*) was laid upon the peculiar facts of that case. Justice BURR, writing for the Second Department in *Tiffany* v. *Harvey* (158 App. Div. 159, at p. 163), said, in referring to *Conkling* v. *Weatherwax* (*supra*): " Within such circumstances the rule therein referred to should not be extended to a state of facts differing from those upon which that controversy depended. (*Acharan* v. *Samuel Brothers*, 144 App. Div. 182.) " The decision in *Acharan* v. *Samuel Brothers* (*supra*) is predicated upon *Lerche* v. *Brasher* (104 N. Y. 157). (See *Patterson* v. *Gage Realty Co.*, 164 App. Div. 787.)

In the *Conkling* case the Appellate Division (90 App. Div. 585) held that " in ordinary actions at law for money, while breach must be alleged, payment is an affirmative defense which must be pleaded and proved; but this rule does not relieve the plaintiff from proof of non-payment where failure to pay is an essential element to the right of recovery," citing *Lent* v. *N. Y. & M. R. Co.* (130 N. Y. 504). On the affirmance (at p. 264) the court said the learned Appellate Division drew a distinction between actions at law and suits in equity in regard to the burden of proving in the first instance payment or non-payment. The decision in the Court of Appeals in *Conkling* v. *Weatherwax* (*supra*) apparently was made because the facts were " within the peculiar knowledge of the plaintiff and her family. * * * Under these circumstances it was necessary to prove non-payment the same as in an action upon a stale demand or of foreclosure or upon a covenant to pay a mortgage or to recover against the officers of a bank or the members of a joint stock association in the cases cited." The court attempted to reconcile the conflict of authority upon the general subject of burden of proof, and laid down rules from the adjudged cases.

The novelty of the facts in *Conkling* v. *Weatherwax* (*supra*) is shown by what Judge GRAY wrote: " I, also, agree with him [Judge VANN] that the nature of the cause of action was such as to impose the burden upon the plaintiff to prove the non-payment of the legacies. *It was not in the nature of an obligation for the payment*

of money; in which case I should agree with the views of Chief Judge Cullen as to the onus probandi."

Chief Judge CULLEN, in *Conkling* v. *Weatherwax* (*supra*), in his discussion of the doctrine of burden of proof to establish the non-payment of an obligation for the payment of money, referred to many cases showing the conflict of opinion in this State upon the question. He also reviewed the authorities in other States, indicating the uniform current of authority to be that the burden of proof is on the defendant to establish payment, and said (on p. 275): " But when a debt is once shown to have existed it is presumed to have remained unpaid until the contrary is shown or until the presumption is rebutted by the Statute of Limitations or by the lapse of time." The general rule stated in the opinion by Chief Judge CULLEN was accepted by the majority of the court.

In my decision herein holding that the burden of proof of the payment of the claim is upon the executors, I rely upon *Lerche* v. *Brasher* (104 N. Y. 157). Here, too, the inquiry was as to whether payment was made. Objection was taken and overruled. The court held that the answer " negatived a personal transaction with the testator;" that " while the objection was a good one, the evidence was wholly immaterial. The plaintiff was not required to prove the negative, and payment was an affirmative defense, the burden of establishing which was upon the defendant."

The rule of law laid down in *Lerche* v. *Brasher* (*supra*) was followed in *Bremer* v. *Ring* (146 App. Div. 724 [1911]), the court stating that the plaintiff holds the burden of alleged non-payment, " but this is a mere rule of pleading," and that " the rule seems to be established by a concurrence of the views of the majority of the court in *Conkling* v. *Weatherwax* (181 N. Y. 258), that in an action to recover a specific sum of money due on contract *as distinguished from an action to recover a balance due where the complaint declares generally on an indebtedness, it is sufficient for the plaintiff to allege non-payment without tendering proof thereof and that payment is not to be presumed but is a matter of defense.*"

When a complaint, synonymous with a presented claim, contains an allegation of non-payment, that allegation is not to be an issue created by a general denial (synonymous with rejection of a claim), but the defense must be affirmatively pleaded and the burden of proof with respect thereto rests on the defendant. (*Posner* v. *Rosenberg, No. 2,* 149 App. Div. 272, 277 [2d Dept.]; *Lynch* v. *Lyons,* 131 id. 120 [2d Dept.]; affd., 197 N. Y. 595.)

Where no presumption appears upon the pleadings, the burden of proof lies on that party against whom the judgment would be given. (*Doheny* v. *Lacy,* 168 N. Y. 213, 220.)

*Hicks-Alixanian* v. *Walton* (14 App. Div. 199) was a case where the plaintiff sued to recover for meals and use of room. On the trial the justice presiding dismissed the complaint apparently upon the failure to prove non-payment by the defendant's testator. A reversal was had based upon *Lerche* v. *Brasher* (*supra*). This decision overruled *Cochran* v. *Reich* (91 Hun, 440). (See *Bernhan C. & M. Corp.* v. *Ship-A-Hoy, Ltd., Inc.*, 200 App Div. 399, 406; *Walsh* v. *Gray*, 214 id. 296, 301, and cases cited.)

*Dowling* v. *Hastings* (211 N. Y. 199) quoted the rule laid down by Chief Judge CULLEN in *Conkling* v. *Weatherwax* (181 N. Y. 258, 269), that the burden of proof rested on the defendant to establish payment of the judgment. (*Seagate Hotel Co.* v. *Nahmmacher*, 112 Misc. 100, 104.)

In *Noah* v. *Bowery Savings Bank* (225 N. Y. 284, 289) the court, after citing *Conkling* v. *Weatherwax* (*supra*); *Dowling* v. *Hastings* (*supra*), and *Lerche* v. *Brasher* (*supra*), said: " There is no fact in this action which should make it an exception to this general rule." (*Fry* v. *Williams*, 141 Misc. 815; Jessup-Redf. Prac. §§ 786, 789.)

*Seufert* v. *Commercial Travelers M. A. Assn.* (263 N. Y. 496 [Feb. 1934]) was a case where the defense was an affirmative one and it was held the burden of proof rested on the defendant.

For cases regarding burden of proof, see *Grossman Bros. & Rosenbaum* v. *Dunaif B. Co.* (83 Misc. 101, 105); *Gamble* v. *Lewis* (88 id. 139); *Dose* v. *Hirsch Bros.* (65 id. 515); 48 C. J. 680, § 176.

24 Corpus Juris, 859, section 2175, says: " Where in an action upon a claim against a decedent's estate plaintiff has proved the existence of his debt within the period of the statutory limitation, he need not prove non-payment (*Matter of Rowell*, 45 App. Div. 323), although he alleges it; but the burden of proof is upon defendant representative to prove payment of the claim, where such defense is relied upon." (Notes 24 and 26.)

*Matter of Rowell* (45 App. Div. 323 [4th Dept. 1899]) was upon a claim against an estate and the court held that it imposed upon the executor the duty of establishing the defense of payment. (Citing *Lerche* v. *Brasher, supra*, and *Hicks-Alixanian* v. *Walton, supra*.)

There is a fair preponderance of evidence in favor of the claimant. From January 4 to May 15, 1932, the date of decedent's death, the claimant, a married woman living with her husband and son some distance from decedent's home, was in the decedent's house some part of each day, rendering services to the decedent, who was ill and growing more so as the date of her death approached. The executor admits that the claimant was in the home performing some services. The evidence of work performed is supplied by Mrs. Hannigan, a close friend of the decedent, and by the physician who testified that

every time he called he found the claimant there and gave to her medical directions for the decedent. Mrs. Hannigan testified as follows: " Q. Did you ever talk with Mrs. Fee about Mrs. Reid during the last illness? A. Yes. Q. In her bed room? A. Yes. Q. She was in bed? A. Yes. Q. Can you give an idea approximate time whether early in the period of the last service or late or in the middle? A. It was near the end of Mrs. Fee's life. Q. Will you tell the court what the conversation was? What did Mrs. Fee say to you? A. Only regarding Mrs. Reid? Q. Yes. A. She told me she would take care of Mrs. Reid, she had been a good girl to her. Q. Did she say any more? A. As to why she had been a good girl? Move to strike out. The Court: You may state the entire conversation. A. She asked me what I thought about her making a will. She told me about herself. She said she wanted to do the right thing by her family. She wanted to do the right thing by Mrs. Reid because she had been a faithful friend to her."

Here is found the admission on the part of the testatrix that she was indebted to Mrs. Reid.

The physician's testimony indicated fifty-three calls between January 4, 1932, and May 15, 1932. Evidence of reasonable value of the services was given. The claimant's services were not full time services. She would come from her home sometime during the morning, be there part of the day, and leave in the afternoon.

The last three weeks in April and the first two weeks in May, 1932, a registered nurse was in attendance upon the decedent. For the nineteen weeks intervening I make an allowance of $18 a week, amounting to $342. The claim for work in other weeks is disallowed.

The evidence shows the rendition of services under circumstances which implied agreement to pay therefor. The burden of proof of payment cast upon the executors has not been forthcoming. The executors neither pleaded nor proved any payment.

Unless the claim as allowed is paid within twenty days after service of a certified copy of the order entered upon this decision, the executor will be required to file an account of proceedings within forty days from the date of such service.

Submit order and proceed accordingly.