In the Matter of the Estate of ELMER ELLSWORTH SMATHERS, Deceased.*

Surrogate's Court, Westchester County, May 4, 1934.

*Choate, Larocque & Mitchell* [*Joseph Larocque* and *Horace R. Lamb* of counsel], for the motion.

*Blake & Voorhees* [*Robert P. Smith* and *Tracy S. Voorhees* of counsel], in opposition.

SLATER, S. This motion is made for the examination of Ray L Erb as an adverse party before trial, pursuant to sections 288 and 292 of the Civil Practice Act and rule 122 of the Rules of Civil Practice, and, in so far as it relates to a discovery and inspection of documents, is made pursuant to section 324 of the Civil Practice Act and rule 140 of the Rules of Civil Practice.

It is proper to join the application for examination and the application for inspection and discovery of documents in the same motion. This has been done in the instant case. (*Fey* v. *Wisser*, 206 App. Div. 520 [2d Dept.].)

* See, also, 133 Misc. 812; 153 id. 132.

The granting of relief is in the discretion of the court. The rule has been laid down that " The applicant can have the examination to prove his own case only." This means that the applicant cannot examine into the affirmative proof required by the other side. The examination is to aid the applicant, who has the affirmative, to bear his burden, not to inform him of the burden that rests upon his adversary. (*Oshinsky* v. *Gumberg*, 188 App. Div. 23 [2d Dept.]; *Fromm* v. *Grisman*, 197 N. Y. Supp. 156, Judge DIKE.) Documents are not subject to inspection for the mere reason that they will be useful in supplying a clue whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves. (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 29.) Disclosure of books will be granted where the books, papers and documents contain evidence which the party desires to enable him to prepare his pleading or to prepare for trial. The application, however, will only be granted in the exercise of a sound discretion in the ascertainment of truth and the advancement of justice, but it must appear that the evidence is competent, relevant and material to the issues, unknown to the party seeking it and in the possession of the adverse party. (*Murphy* v. *Keenan*, 101 Misc. 443; affd., 183 App. Div. 923.)

The issues to come before the court relate to certain claims filed against the estate. The claim of fraud is involved, as developed on the hearing before me, and under the circumstances disclosed, to a certain extent, the order should be made as a matter of course. The documents must relate to the merits of the action or of the defense therein. The provisions of section 324 are restricted to inspection and discovery of documents to be used in evidence in support of the cause of action or defense. (*Bergelt* v. *Roberts*, 144 Misc. 832, 837.)

*Bencoe* v. *McDonnell* (210 App. Div. 123 [2d Dept.]), affirming the opinion of Justice TAYLOR, wherein the court said that the courts have intimated their reluctance to grant and have uniformly denied wholesale inspection. In this case an inspection was denied on the ground that the papers sought could be made subject to a *subpœna duces tecum*.

The issue to be tried relates to a rescission of a contract pursuant to the laws of California. The rescission is attacked by the applicant herein. The executors have the affirmative defense and carry the burden of proof to show that a legal rescission of the contract has been made. (*Matter of Fee*, 151 Misc. 410, opinion by this court, dated May 4, 1934.)

" Except where a contrary intent is expressed in, or plainly implied from the context of this act, a provision of law or of rules,

applicable to practice or procedure in the supreme court, applies to surrogates' courts and to the proceedings therein, so far as they can be applied to the substance and subject matter of a proceeding without regard to its form." (Surr. Ct. Act, § 316.)

In the exercise of sound discretion, the court has passed over the objection made by the executors regarding the failure of the petition to set out precise reasons and the further fact that the petition for discovery is made upon the attorney's own affidavit.

With regard to the examination before trial the claimants may examine Ray L. Erb upon the following matters, as set out in the following subdivisions of paragraph 7, beginning on page 3 of the petition of Joseph Larocque, attorney for claimants, verified April 26, 1934: Subdivisions 1, 2, 4 (a), (b) and (c), 5, 7, 8, 9, 10, 11, 12 and 13 relating to the negotiations leading to the execution of the so-called rescission agreement.

The said Erb may also be examined as to: Subdivisions 3, 6, 14, 15, 16 and 17. The application for examination as to subdivisions 18 and 19 is denied.

As to the right of disclosure of documents, books and communications, the items set forth in the following subdivisions may be disclosed and inspected: Subdivisions 1, 4, 9, 10, 11, 12 and 13. As to the items set forth in subdivisions 2, 3, 5, 6, 7 and 8 the application is denied. The accounts mentioned in subdivision 3 are of necessity public records and can be secured by the applicant.

The examination of Ray L. Erb and the inspection and discovery of documents will proceed upon five days' notice before Henry R. Barrett, attorney at law, with offices at the city of White Plains, as referee, pursuant to rule 142 of the Rules of Civil Practice.

Submit order on notice.