.there is no vote for the relator, for there is no cross mark either in the circle over his ticket or in the voting space at the left of his name, so this ballot cannot affect the result one way or the other. Exhibits 19 and 32 each has an erasure of a cross mark upon it, evidently made by a dirty rubber or by wetting and rubbing the mark with the finger. Each was, therefore, properly rejected as void under rule 9. Exhibit 18 has a cross mark in the circle at the head of the Republican ticket, but it also has three circular marks or erasures made by a pencil in the voting space at the left of three names on the Republican ticket on the same lines where cross marks appear in the voting spaces at the left of names on the Democratic ticket. The ticket was properly rejected as void under rule 9. Exhibit 22 has a cross mark in the circle at the head of the Republican ticket and a cross mark in the voting space at the left of the names of the candidates for collector and for justice of the peace, and also a mark resembling the letter "O" in the voting space at the left of the name of the candidate for justice of the peace on the Republican ticket on the same line. It was rejected because of the latter mark. This was not a valid voting mark under the law. I think it was properly rejected under rule 9. More than this, all the marks on the ticket are made with a pencil having purple lead, instead of with one having black lead, as required by law. Exhibit 36 has a cross mark in the circle at the head of the Democratic ticket and a single short line in the circle at the head of the Socialist-Labor ticket. The latter is a mark other than a voting mark, and renders the ballot void under rule 9. Ballots similarly marked (Nos. 52 and 148), as appears by the chart above referred to in the Feeny Case, were held to be invalid. It results from this examination that ballots 1, 2, and 3 should be deducted from, and ballots 30, 40, and 44 added to, Mead's vote, and ballots 5, 43, and 53 added to Obert's, making a net gain of three votes to Obert. An order may be prepared accordingly.

Ordered accordingly.

---

### In re JORDAN'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

EXECUTORS—ACCOUNTING—LIMITATIONS—DEFENSE—MOTION.

The defense that the petitioner's right to demand an accounting is barred by the statute of limitations cannot be raised on a motion to dismiss the citation for the executrix of the estate to account; hence an order overruling such a motion was proper.

Appeal from order of surrogate, New York county.

Petition by the city of New York for a citation requiring Estella J. Jordan Johnstone, executrix of the estate of Louis J. Jordan, deceased, to render an account. From an order overruling a motion by the executrix to dismiss the citation, she appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Jurden E. Seeley, for appellant.

Theodore Connoly, for respondent.

PER CURIAM. Upon the return day of the citation requiring the executrix of the last will and testament of Louis J. Jordan to account, she moved in open court, upon the petition, to dismiss the citation for the reason that it appeared on the face of the petition that more than six years had elapsed since the right of the petitioner to demand an accounting had accrued, and therefore the right to demand an accounting was barred by the statute of limitations. The court overruled the motion, and made the order requiring the executrix to account from which this appeal is taken. She seeks in this court to have a review of the determination below, urging that the 6-year statute of limitations was a bar, and the respondent° contending that the 20-year statute is applicable.

We do not think that the practice adopted by the executrix was the proper one for presenting the question either in the surrogate's court or in this court. Instead of making a motion to dismiss the petition and citation, she should have answered, pleading the statute which she claimed was applicable. The statute of limitations is always a matter of defense, and must be presented by answer. Here, although a mere reading of the dates as to the time when the testator died, when letters were issued, and when the application for the citation was made might support an argument based on the statute, such dates would not be conclusive. The petitioner, as against the array of dates, might be able to show facts which prevented the running of the statute. In other words, where, from the number of years that has elapsed, the statute apparently has run, it is always competent to show facts or circumstances which would have prevented the running of the statute, and destroyed its effect as a bar. We do not think, therefore, that we should discuss or determine whether the 6-year or other statute of limitations applies, leaving that in the first instance for the surrogate to determine should the question be properly raised by answer.

The order appealed from should be affirmed, with costs, and the proceeding remitted to the surrogate's court, with leave to the executrix to answer.

---

PEOPLE ex rel. DONNELLY v. MOSS et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

OFFICERS—DISMISSAL—UNBECOMING CONDUCT.
      A patrolman who, while on trial before the police commissioners, told his superior officer, in open court, that he lied, was guilty of conduct unbecoming an officer, and merited dismissal.
      Ingraham and O'Brien, JJ., dissenting.

Certiorari by the people, on the relation of John A. Donnelly, against Frank Moss and others, police commissioners, to review relator's dismissal. Dismissed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Jacob Rouss, for relator.

Terence Farley, for respondents.