In the Matter of the Judicial Settlement of the Intermediate Accounts of Proceedings of BANK OF NEW YORK AND TRUST COMPANY (Formerly the NEW YORK LIFE INSURANCE AND TRUST COMPANY), as Trustee of the Trusts Created under and by the Last Will and Testament of HORACE M. KILBORN, Deceased, for EDWARD C. KILBORN and Others.

BANK OF NEW YORK AND TRUST COMPANY, as Trustee, etc., and Another, Appellants; ORSON KILBORN, Respondent.

First Department, June 24, 1931.

*Langdon P. Marvin* of counsel [*Grenville T. Emmet* and *Joseph K. Savage* with him on the brief; *Emmet, Marvin & Martin*, attorneys for Bank of New York and Trust Company, as trustee; *Jerome F. Donovan*, in person, special guardian], for the appellants.

*John A. Mullen* of counsel [*Samuel R. Feller* with him on the brief], for the respondent.

SHERMAN, J. The decree appealed from directs the reduction to $10,000, $50,000 and $100,000 of the respective capital funds of three trusts created under the will of the testator, and further requires the trustee to distribute the total increment to the corpus of these trusts and, also, to pay over the excess income to the residuary legatee, although she did not appear in the proceeding. In each trust the trustee was given a definite sum " in trust " to pay the entire net income to the life tenant plus so much of the principal as might be necessary to pay a fixed minimum yearly sum.

The petition for the judicial settlement of the trustee's intermediate account asked that the court instruct petitioner as to the application of the income of each of said trust funds over and above the amounts of the minimum yearly sums fixed by the testator, and as to the distribution of the surplus income on hand. The citations, however, which were issued were limited to directing the parties to " show cause * * * why the intermediate accounts * * * should not be judicially settled, and why the trustee should not receive instructions as to the distribution of any surplus income now on hand." The only objections filed were on behalf of one life beneficiary of one of the trusts and referred solely to his own trust fund and requested no distribution of capital.

The petition, the account and the objections comprised the pleadings (Surr. Ct. Act, §§ 49, 51) which defined the issues and limited the extent of the relief which could be given. (*Matter of Hearns*, 214 N. Y. 426, 432.) The residuary legatee made no request for the payment of capital to her, nor did she appear in this proceeding. The life beneficiaries of the three trusts are all living. None of the adult remaindermen appeared. Indeed, the citations gave no notice that any question as to distribution of capital would be considered.

Under these circumstances, the trustee and special guardian assert a lack of jurisdiction to make the decree appealed from, claiming that the question of distribution of capital was not properly before the surrogate. The point is well taken. As the proceeding called for a construction as to surplus income, there was no occasion in this intermediate account for a determination with respect to capital. (Surr. Ct. Act, § 40, subd. 8.)

The citations (Surr. Ct. Act, § 53, subd. 4) here issued gave no notice that the object of the proceeding was to disturb or deplete the principal of the trusts. Furthermore, the matter concerns infant remaindermen. All remaindermen are entitled to be heard when that question is properly at issue.

We cannot uphold the contention that the trustee and special guardian have no right to appeal, as being parties not aggrieved within the provisions of section 288 of the Surrogate's Court Act. The decree is a nullity and the objection was properly raised by them at this time. (*Matter of Walker*, 136 N. Y. 20, 29.)

As the testator placed no limitation upon the maximum of income to be paid to the life beneficiaries of the trusts, the increment of principal in the respective trusts should be preserved therein until such time as there shall be a determination with respect to distribution, and in the meantime the present surplus income and all of the future income should be paid to the respective life tenants.

On the ground of lack of jurisdiction, the decree in so far as appealed from should be reversed, with costs, and the proceeding remitted to the Surrogate's Court for further action in accordance with this opinion.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Decree reversed, with costs, and proceeding remitted to the Surrogate's Court for further action in accordance with opinion.