judgment is for plaintiff in an action for damages for delay by a subcontractor. The order denies motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

DOMINICK FASO, Appellant, v. MATHIESON ALKALI WORKS, INC., Respondent.— Order modified and as modified affirmed, without costs. All concur. (The order directs plaintiff to submit to an examination before trial in an action for personal injuries sustained by contracting silicosis.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

MICHELE MANGIONE, Respondent, v. GENERAL RAILWAY SIGNAL COMPANY, Appellant.— Order modified by striking out the privilege given in the third ordering paragraph to photograph any machinery, upon the ground that it extends beyond the purview of section 324 of the Civil Practice Act, and as modified affirmed, without costs. All concur. (The order grants plaintiff discovery and inspection of defendant's plant in an action for personal injuries sustained by contracting silicosis.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

JOHN KOWALOW, as Administrator, etc., of ANTONI KOWALOW, Deceased, Appellant, v. HELEN A. BUCZKOWSKI, as Executrix, etc., of VINCENT BUCZKOWSKI, Deceased, Respondent. — Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event. Memorandum: The instrument signed by the defendant's testator in which he acknowledged the receipt from the plaintiff's intestate of $2,279.23 for safe-keeping sufficiently established a *prima facie* case of a deposit of money, not to be repaid at a fixed time but only upon a special demand within the meaning of section 15 of the Civil Practice Act. The proof of claim filed with the defendant was a sufficient demand. The cause of action arose and the Statute of Limitations began to run with the service of such proof of claim. All concur. (The judgment dismisses the complaint in an action to recover money deposited for safe-keeping.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

LEE W. YULE, Respondent, v. GERALD J. MORIARTY, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment awards damages for personal injuries in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

EMPIRE STATE ICE COMPANY, INCORPORATED, Respondent, v. ROCHESTER AND LAKE ONTARIO WATER SERVICE CORPORATION, Appellant.— Motion for a reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

In the Matter of the Judicial Settlement of the Accounts of the SYRACUSE TRUST COMPANY, as Trustee under the Last Will and Testament of JAMES P. OWEN, Deceased.— Motion for a reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Taylor, Thompson and Crosby, JJ.

In the Matter of Proving the Last Will and Testament of JOHN W. POTTER, Deceased.— Motion for a reargument denied, with ten dollars costs. Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

THOMAS E. DEVITT and Others, Respondents, v. FRED C. SCHOTTIN, JR., etc., and Another, Defendants, and THE HAGLIN COMPANY, INCORPORATED, and WINSTON BROTHERS COMPANY, INCORPORATED, Appellants.— Motion for a reargument