In the Matter of the Claim of KARL WEIL against the Estate of ISIDOR ROTHSCHILD, Deceased.

KARL WEIL, Claimant, Appellant; HELEN LUSTIG YANKAUER and GRACE O. SNOW, Executrices, etc., of ISIDOR ROTHSCHILD, Deceased, Respondents.

Third Department, July 2, 1937.

*Charles Hollender*, for the appellant.

*Lockwood & Whiteley* [*John W. Whiteley, Jr.*, of counsel], for the respondents.

BLISS, J. In June, 1935, Karl Weil, a resident of Borgentreich, Germany, through his attorney, filed with the executrices of the last will and testament of Isidor Rothschild, late of Essex county, deceased, a verified claim against this estate. The first item of the claim was for $3,000, with interest from July 31, 1914, which it was claimed had been deposited in the hands of the decedent by Fanny Weil, the mother of Karl Weil, and which was evidenced by a written document dated July 31, 1914, the translation of which read as follows:

" I, the undersigned, herewith declare that I owe to my sister, Fanny Weil, in Borgentreich, three thousand ($3,000) dollars with interest at six per cent yearly, payable twice a year.

" This sum or debt of three thousand dollars is the amount which the late Arnold Wurtenberg of Glens Falls, N. Y. owed to Fanny Weil, and which sum the executors of the estate have paid to the above-mentioned Fanny Weil, and which Fanny Weil has put into my hands."

The second item of the claim was for $1,000, with interest from September 1, 1914, based upon a non-negotiable promissory note for this amount dated on that day, payable on demand and made by the said Isidor Rothschild to Fanny Weil, the mother of the claimant.

The entire claim was rejected by the executrices and notice of such rejection served. The notice of rejection assigned as the basis for such rejection that the representatives doubted the justice and validity of the claim. Thereafter the representatives filed their voluntary account in which they merely stated that the claim had been filed with them and rejected. On the accounting proceeding the claimant filed objections to the account for the failure of the executrices to allow the claim and realleged the facts upon which such claim was based. When the accounting proceeding came on for a hearing the claimant asked that a commission issue to take testimony in Germany in substantiation of the claims. The accounting representatives thereupon moved in open court and without previous notice to dismiss the claim on the ground that the items had been outlawed by the Statute of Limitations. The surrogate granted this motion and it is from the decree entered thereon that this appeal is taken.

No mention was made in the notice of rejection of the claims or in the account of the Statute of Limitations. The petition, account and the objections thereto constitute the pleadings in Surrogate's Court upon the trial of a contested claim and determine the issues to be tried. (Surr. Ct. Act, §§ 49, 50 and 51; *Matter of Kilborn*, 232 App. Div. 580, 582; *Matter of Woodward*, 69 id. 286; *Matter of*

*Heuser*, 87 Hun, 262.) The Statute of Limitations is an affirmative defense to be pleaded and proven as such. (*Nehasane Park Assn.* v. *Lloyd*, 167 N. Y. 431; *Matter of Reich*, 138 Misc. 823; *Dunkum* v. *Maceck Bldg. Corp.*, 227 App. Div. 230; *Beugger* v. *Ashley*, 161 id. 576; *Matter of Michelson*, 148 Misc. 753.) The appellant was entitled to know in advance of trial that this defense was to be urged. Whether the statute had run as to the items included in the claim could not be properly determined without proof on the subject. The note being payable on demand, it came due forthwith.

A mere reading of the date of the receipt and note, coupled with the date of presentation of the claim, might indicate that the six-year Statute of Limitations upon a contract obligation had expired. But this recital of dates is not enough. The appellant may be able to show facts which prevented the running of the statute. There may have been periods of disability, absence from the jurisdiction, a renewal of the obligation or other extenuating circumstances. These questions may be determined only after the issue has been properly pleaded and heard (*Matter of Jordan*, 50 App. Div. 244), and could not be thus summarily raised and disposed of without notice and proof. Also, the appellant was not afforded an opportunity to present his proof, particularly that which he desired to take by deposition.

As to the $3,000 claim evidenced by the written instrument quoted in full above, no date when the money became due is fixed by that document. It appears from the receipt above that these moneys were placed by Fanny Weil in the hands of the decedent as a deposit and were not in the nature of the ordinary loan. The document evidences a deposit of money not to be repaid at a fixed time, but only upon special demand, and there is no proof of any such demand having been made other than the service of the formal notice of claim upon the accounting executrices. Under subdivision 2 of section 15 of the Civil Practice Act the time within which the action must be commenced is computed from the time when this formal demand was served. (*Kowalow* v. *Buczkowski*, 248 App. Div. 847; *Payne* v. *Gardiner*, 29 N. Y. 146.)

The decree appealed from should be reversed, with costs to the appellant payable out of the estate and the matter remitted to the Surrogate's Court.

HILL, P. J., RHODES, CRAPSER and HEFFERNAN, JJ., concur.

Decree reversed on the law and facts, with costs to the appellant payable out of the estate, and matter remitted to the Surrogate's Court.