THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES A. GALLAGHER, Appellant.

Argued April 24, 1942; decided June 11, 1942.

*Earl J. Garey, Wm. Francis Corson* and *William R. Rawick* for appellant.

*Frank S. Hogan, District Attorney (Stanley H. Fuld* and *Richard G. Denzer* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: LEHMAN, Ch. J., LOUGHRAN, LEWIS and DESMOND, JJ.; FINCH, J., dissents in following opinion in which RIPPEY and CONWAY, JJ., concur:

FINCH, J. (dissenting). Defendant, an attorney, has been convicted of larceny for embezzling five Liberty Loan bonds belonging to an estate of which he was sole trustee. He has appealed to this court alleging, among other things, errors at the trial. We pass at once to a contention made by the defendant which, if error, went to the vitals of the defense offered by him at the trial.

The principal defense offered by defendant was that he had borrowed, in good faith, bonds belonging to the estate and had paid interest on the loan, acting under the alleged honest belief that such borrowing was not a breach of fiduciary duty. In order to disprove this defense, the People offered in evidence, as admissions by the defendant, the intermediate account filed by him in the Surrogate's Court and the preliminary draft thereof prepared by defendant about two weeks beforehand. These two documents are inconsistent because, while the account in final form states that the defendant borrowed bonds from the estate and paid interest on the loan, the preliminary draft makes no mention of these facts. Thus both documents were offered to prove circumstantially that the defense of having borrowed these bonds in alleged good faith was a mere afterthought and, therefore, showed guilty knowledge on the part of defendant.

Section 392-a of the Code of Criminal Procedure provides as follows: " Pleading in civil action. A pleading in a civil action cannot be used, in a criminal prosecution against the party, as proof of a fact admitted or alleged therein."

The intermediate account was a pleading in a civil action (Surrogate's Court Act, §§ 48, 49, 51; *Matter of Kilborn*, 232 App. Div. 580, 582), which was offered by the People to prove a fact admitted or alleged therein, namely, that defendant had stated that he had borrowed certain bonds from the estate. The People then introduced in evidence the preliminary draft of the account to prove that defendant had made an inconsistent statement only a short time before. The introduction in evidence of the account for this purpose is clearly prohibited by section 392-a, and requires a reversal.

It is no answer to argue that the pleading, instead of being offered as proof of a fact admitted or alleged therein, was offered rather in disproof of a fact admitted therein, so that its use was not forbidden. So to construe the language of the statute would be to

disregard both its intent and spirit because the same policy that prohibits the use of a pleading to prove a fact admitted therein would certainly prohibit the use of the pleading to disprove such a fact. The section of the Code in question is a criminal statute and should be construed so as to afford the protection to defendants intended by the Legislature.

The judgment of conviction should be reversed and a new trial granted.