In the Matter of the Arbitration between C. F. SIMONIN'S SONS, INC., Respondent, and ANTONIO CORRAO CORP., Appellant.— Order granting respondent's motion to compel submission of a controversy to arbitration, in accordance with a written contract, affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

In the Matter of the Accounting of RITA WARSHAW, as Administratrix of the Estate of ABRAHAM WARSHAW, Deceased, Appellant. SIMON J. LIEBOWITZ, Special Guardian for RONALD WARSHAW and Another, Infants, et al., Respondents.— Appeal by the administratrix from a decree of the Surrogate's Court, Kings County, which directed her to convey a parcel of real property to respondent Gellman at the price and upon the terms therein set forth. Appellant, by supplemental petition, as authorized by a prior determination of the then Surrogate, sought permission to purchase, individually, certain real property owned by her as administratrix, at a specified price. The supplemental citations which were issued gave no notice that an application for any other relief would be made, or that authorization would be requested for the sale of the property to the highest bidder; nor did the objections filed to said petition request such a sale. Upon the hearing before the present Surrogate, however, a higher bid was submitted by respondent Gellman. The court, over appellant's objection, thereupon undertook to sell the property to the higher bidder, appellant bidding under protest against respondent Gellman; and at the conclusion of the bidding directed that the property be sold to said respondent and fixed the terms of the sale, respondent's offer exceeding that made by the administratrix. Decree reversed on the law and the facts, with costs to all parties filing briefs, payable out of the estate, and the matter remitted to the Surrogate's Court for further proceedings not inconsistent herewith. The only issue before the court, as presented by the pleadings, was whether the sale to the administratrix, individually, should be approved. Under the circumstances disclosed, the Surrogate was justified in rejecting the offer made by the administratrix. We are of the opinion, however, that on this record he lacked jurisdiction to go further and direct a sale of the property to another. (Cf. *Matter of Kilborn*, 232 App. Div. 580.) In any event, the court should have granted appellant's request for an adjournment, to permit her to advertise the property for sale and attempt to obtain other offers. If so advised, appellant or any other interested party may apply for permission to sell the property involved herein, pursuant to the provisions of article 13 of the Surrogate's Court Act. In reaching our decision we have not considered the additional papers submitted by appellant, which were not included in the record on appeal. Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.